**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

HOWARD BODDIE, JR.,

      Plaintiff,                    **Case No. 2:14-cv-1228
                                     JUDGE GREGORY L. FROST**

     v.                            **Magistrate Judge Elizabeth P. Deavers**

MICHAEL A. PRISLEY,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of the Magistrate Judge's August 19, 2014 Order and Report and Recommendation (ECF No. 2) and Plaintiff's September 29, 2014 objections (ECF No. 8). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (ECF No. 8), **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation (ECF No. 2), and **ORDERS** that judgment be entered in favor of Defendant.

Plaintiff, Howard Boddie, Jr., is a prisoner at the Chillicothe Correctional Institution. On August 14, 2014, he filed a motion for leave to proceed *in forma pauperis*. (ECF No. 1.) The Magistrate Judge granted that motion in her August 19, 2014 Order and Report and Recommendation. (ECF No. 2.) As part of that order, the Magistrate Judge also conducted an initial screen of Plaintiff's proffered complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Magistrate Judge analyzed Plaintiff's claim under 42 U.SC. § 1983 against his former attorney and recommended the dismissal of this federal claim under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which this Court can grant relief. The Magistrate Judge also recommended that, in the absence of this federal basis for jurisdiction, the

Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3).

Plaintiff has filed objections to these recommendations.  When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

In his objections, Plaintiff argues that the Magistrate Judge erred in concluding that the Court should dismiss Plaintiff's federal claim and, as a consequence, his entire complaint. Plaintiff first cites his *pro se* status as grounds for affording him leeway in pleading his claims. He also argues that the Magistrate Judge failed to understand the nature of his case while concurrently asserting that the attorney who represented him in state criminal proceedings was a state actor to fall within the scope of Plaintiff's § 1983 claim.  But Plaintiff misunderstands the nature of a § 1983 claim and the capacity in which his former counsel operated.  As the Magistrate Judge correctly explained:

> It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). Consequently, "[a] defense attorney engaging in the traditional functions of a lawyer representing a client in a criminal proceeding is not acting for the state for purposes of Section 1983." *Garcia v. Nerlinger*, No. 1:10–cv–788, 2011 WL 1395595, at *1 (S.D. Ohio April 12, 2011); *see also Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (concluding that the state court criminal defense attorney was not a state actor, which precluded a § 1983 claim for ineffective assistance of counsel).  Here, the conduct that forms the basis of Plaintiff's claims falls squarely within the traditional functions of a lawyer representing a client. Accordingly, Plaintiff has failed to allege sufficient state action for the purposes of his federal claim under § 1983 against [Defendant], his state-court attorney.

(ECF No. 2, at Page ID # 41.)  Plaintiff has offered no basis for disagreeing with this direct and simple analysis beyond speculation of a covert conspiracy between actual state actors and his former counsel.  The facts as pled in the complaint, as opposed to such speculation, do not permit this Court to draw such an unreasonable conclusion or inference.  This Court therefore agrees with the Magistrate Judge that Plaintiff has failed to present a federal claim upon which the Court can grant relief.  The Court also agrees with the Magistrate Judge that there is no basis for exercising supplemental jurisdiction over the state law breach of contract and malpractice claims.

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections (ECF No. 8), **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation (ECF No. 2), **DISMISSES** Plaintiff's § 1983 claim for failure to present a federal claim upon which the Court can grant relief, and **DISMISSES WITHOUT PREJUDICE** the state law claims.  The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.  For the reasons set forth above and in the Order and Report and Recommendation, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion and Order is not taken in good faith.

**IT IS SO ORDERED**.

  /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE